DOCKET# _____
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

APR 1 0 2009

09-MC-008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

JOSEPH S. FORTE and
JOSEPH FORTE, L.P.,

    Defendants.

No. 09-CV-0063

---

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

    v.

JOSEPH S. FORTE,

    Defendant.

No. 09-CV-0064

---

### ORDER APPOINTING A RECEIVER

AND NOW, this 30th day of March, 2009, upon consideration of Plaintiffs' unopposed Motions for appointment of a joint receiver to assume control of, marshal, pursue, and preserve the assets of defendants Joseph Forte, L.P. (the "Limited Partnership") and Joseph S. Forte ("Forte"), as well as any other assets that may be collected in the captioned matters, and to protect those assets pending further order of the Court, it is **ORDERED** that the Motions (09-63, Doc. Nos. 22, 23, 24; 09-64, Doc. Nos. 21, 22) are **GRANTED. IT IS THEREFORE**

1

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: APR 6 2009
ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**ORDERED as follows:**

### I.

This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, choses in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of the Limited Partnership and Joseph S. Forte (collectively, the "Defendants") and/or any entities that the Limited Partnership or Forte own or control or in which either of them have an interest ("Receivership Assets").

This Court hereby further takes exclusive jurisdiction and possession of the books, records, computers, and documents, including without limitation, every writing of any kind, type, and description or other instrument or device by which, through, or upon which information has been recorded or preserved, including without limitation memoranda, notes, letters, bank records, statements, checks, wire instructions and confirmations, tape recordings, electronic and digital media of all types, audio and video recordings, and photographs of the Limited Partnership and/or any and all entities the Limited Partnership or Forte owns or controls, or in which either of them has an interest, including without limitation, trusts, limited liability companies, corporations, partnerships, and joint ventures ("Receivership Records"); provided, however, that the CFTC and the SEC may retain copies of any such records in their possession, custody, or control.

### II.

**IT IS FURTHER ORDERED THAT** Marion A. Hecht, CPA, CFE, CIRA, CFF, and MBA, Managing Director of the forensic litigation and valuation division of Goodman & Company, LLP ("Goodman Forensic Division"), is hereby appointed Receiver for the

2

Receivership Assets and the Receivership Records. The goal and purpose of the Receivership is to assume control of, marshal, pursue, and preserve the Receivership Assets with the objective of maximizing the recovery of defrauded investors and, to the extent that the assets recovered may be inadequate to make them whole, ensuring that the distribution of those assets is as just and equitable as practicable. No bond shall be required to assure her conscientious performance of the duties and responsibilities imposed by this Order. Ms. Hecht may be assisted in carrying out her duties by other directors and employees of her firm. Ms. Hecht (the "Receiver") is authorized to retain the law firm of Hoyle, Fickler, Herschel & Mathes LLP (the "Hoyle Law Firm") as her counsel in connection with this appointment. With the Court's approval, the Receiver and the Hoyle Law Firm shall be compensated from the Receivership Assets for all reasonable fees and costs.

The agreed upon fee schedules for the Goodman Forensic Division and the Hoyle Law Firm are as follows, which hourly fee rates are hereby found to be reasonable:

### Goodman Forensic Division

| Position | Rate |
| --- | --- |
| Managing Director | 400 |
| Senior Manager | 300 |
| Manager | 250 |
| Supervisor | 200 |
| Staff Accountant | 150 |

### Hoyle Law Firm

| Name | Position | Rate |
| --- | --- | --- |
| L. Hoyle | Partner | 425 |
| A. Fickler | Partner | 350 |
| J. Gough | Special Counsel | 325 |
| E. Briggs | Senior Attorney | 250 |

| | | |
|---|---|---|
| A. Helfer | Associate | 250 |
| G. Podolin | Associate | 250 |
| T. Markowitz | Associate | 250 |
| J. Timmer | Associate | 245 |
| B. Field | Associate | 225 |
| V. Amaral | Associate | 160 |
| M. LaPalombara | Paralegal | 100 |

The Hoyle Law Firm may add or substitute other professionals with comparable experience at comparable rates, with the written approval of the Receiver, the SEC and CFTC.

### III.

**IT IS FURTHER ORDERED THAT** the Receiver is hereby authorized on behalf of the Court to take possession of the Receivership Assets and Receivership Records. Until further order of the Court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records.

### IV.

**IT IS FURTHER ORDERED THAT** all persons, including without limitation the Defendants, their past or present officers, agents, servants, employees, brokers, facilitators, trustees, escrow agents, attorneys, accountants, partners, and all persons in active concert or participation with them, and all other entities or persons who receive actual notice of this Order by personal service or otherwise, and specifically including without limitation any past or present bank or other financial or depository institution holding accounts for or on behalf of the Limited Partnership or Forte, or any entities the Limited Partnership or Forte own or control or in which they have an interest or for which either of them is an authorized signatory, shall promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one

or more of them and shall promptly surrender all Receivership Records. No separate subpoena shall be required. Upon presentment of this Order, all persons, including without limitation financial institutions, shall provide account balance information, transaction histories, all account records, and any other Receivership Records to the Receiver or her agents, in the same manner as they would be provided if the Receiver were the signatory on the account.

V.

**IT IS FURTHER ORDERED THAT** all persons, including without limitation the Limited Partnership and Forte, their past or present partners, officers, agents, servants, employees, brokers, bankers, facilitators, trustees, escrow agents, attorneys, accountants, creditors, claimants, and all persons in concert or participation with them, and all other entities or persons who receive actual notice of this Order by personal service or otherwise, are enjoined from interfering in any way with the operation of the Receivership or in any way destroying, concealing, disposing of or disturbing the Receivership Assets and Receivership Records, specifically including without limitation, any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. All claims against and all actions to determine disputes relating to Receivership Assets or Receivership Records shall be filed in this Court. This provision shall not apply to any criminal proceedings against the Limited Partnership or Forte.

VI.

**IT IS FURTHER ORDERED THAT** the Limited Partnership and Forte, including without limitation their past or present partners, officers, agents, servants, employees, brokers, bankers, facilitators, trustees, escrow agents, attorneys, accountants, and all persons in concert or

participation with them, are ordered to cooperate fully with the Receiver and the Hoyle Law Firm, by, among other things, (1) delivering to the Receiver all Receivership Assets and Receivership Records, together with any related documents, records, names and contact information for persons who may be custodians or otherwise involved with or knowledgeable of the Receivership Assets or Receivership Records; (2) providing to the Receiver information regarding the location of and access to any and all documents, computer files and databases in their possession, custody or control relating to the Receivership Assets or Receivership Records, including without limitation documents relating to the business operations of the Limited Partnership, the offer or sale of securities, the allegations of the Complaint in this action, and the disposition of investor funds; (3) providing a full accounting regarding the same; (4) providing all related financial records, computers, computer files, e-mail, passwords, keys, security cards, access codes for premises, vehicles, vessels, and aircraft; (5) granting access to safes or safe deposit boxes or any other facility containing Receivership Assets or Receivership Records; (6) upon the request of the Receiver, executing any consent, authorization, resolution, or other document as may be required by any person to confirm the authority of the Receiver; (7) upon the request of the Receiver, executing any consent, authorization, resolution, or other document as may be necessary to recover from federal, state, and local tax authorities any assets belonging to the Receivership Estate, including any overpayments of taxes; and (8) upon the request of the Receiver, and subject only to the good faith assertion of privilege, providing to the Receiver complete and responsive answers under oath or under penalty of perjury to all questions posed by the Receiver or the Hoyle Law Firm.

## VII.

**IT IS FURTHER ORDERED THAT** any and all civil actions or other proceedings, other than the within Receivership proceeding and any additional charges in the captioned actions brought by the SEC and CFTC, against the Limited Partnership, Forte, or involving the Receivership Assets or Receivership Records, are hereby stayed. Any person or entity wishing to continue to pursue or initiate a civil action or other proceeding against the Limited Partnership, Forte, Receivership Assets, Receivership Records, or the Receiver may do so only after obtaining express permission from this Court to do so. Any claim or suit that seeks recovery from Receivership Assets, or that is hereinafter filed against the Limited Partnership, Forte, Receivership Assets, Receivership Records, or the Receiver, shall be filed in this Court in the within Receivership proceedings. This provision shall not apply to any criminal proceedings against the Limited Partnership or Forte.

## VIII.

**IT IS FURTHER ORDERED THAT**, upon the request of the Receiver, the United States Marshal's Office shall assist the Receiver in carrying out her duties to take possession, custody, or control of, or identify the location of, any Receivership Assets or Receivership Records.

## IX.

**IT IS FURTHER ORDERED THAT**, to enable the Receiver to carry out her duties hereunder, the Receivership Assets are released from the Asset Freeze imposed by this Court by Order dated January 7, 2009 in the captioned cases and placed in the possession and custody of, and under the control of the Receiver.

## X.

**IT IS FURTHER ORDERED THAT**, without further Court order unless specifically stated otherwise herein, the Receiver is authorized to:

A. Use reasonable efforts to determine the nature, location, and value of all Receivership Assets and Receivership Records, including without limitation to locate assets that may have been conveyed to partners of the Limited Partnership or to third parties, or otherwise concealed;

B. Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm, or financial institution that has possession or control of any Receivership Assets;

C. Without breaching the peace, but if necessary with the assistance of local peace officers or U.S. Marshals, enter and secure any premises, wherever located or situated, in order to identify the location or existence of and take possession, custody, or control of Receivership Assets or Receivership Records, and take all steps that in her judgment she deems necessary or advisable to secure and protect Receivership Assets and Receivership Records, including without limitation, the premises, files, and information systems;

D. Make appropriate notification to the United States Postal Service or any post office or other mail depository to forward delivery to herself of any mail addressed to the Limited Partnership or Forte or any company or entity under the direction or control of the Limited Partnership or Forte, and open, inspect, and take possession and control all such mail to determine the location or identity of assets or the existence and amount of claims;

E. Make from Receivership Assets such ordinary and necessary payments, distributions and

disbursements as she deems advisable or proper for collecting, marshaling, maintaining, maximizing the value of, or preserving the Receivership Assets or Receivership Records, or for the operation of the Receivership;

F.  Liquidate, windup, and terminate the business and affairs of the Limited Partnership, but, with authority, in aid of such liquidation, windup, and termination of the Limited Partnership, conduct the business operations of the Limited Partnership and the entities controlled by the Limited Partnership or in which the Limited Partnership has an interest, but only to the extent that the Receiver, in the exercise of her discretion, determines such continued conduct of the business to be advisable in the interest of maximizing the value of the Receivership Estate, including without limitation the collection of rents; the continuation or termination of any employment arrangement, lease, or contract; and the sale, abandonment, rental, lease, pledge, hypothecation, or other disposition of the Receivership Assets; provided, however, that any such action shall be described in the next filed Receiver's Report or in the Receiver's Final Report, whichever in the Receiver's discretion is more practicable;

G.  Compromise or settle any claim of any creditors of the Limited Partnership, including those instances in which Receivership Assets serve as collateral to secured creditors; and, in connection therewith, surrender such assets to secured creditors upon such conditions as the Receiver determines are appropriate, including the waiver of any deficiency of collateral and release of any underlying obligation secured by the collateral;

H.  Renew, cancel, terminate or otherwise adjust any pending lease agreement to which the Limited Partnership or Forte is a party;

I.  As soon as reasonably practicable, evaluate the claim of TD Bank, N.A. (the "Bank") with respect to certain property in Sea Isle City, New Jersey, discuss the same with the Bank, and determine the best way to preserve, liquidate, and/or otherwise maximize the value of such property for the benefit of the Receivership Estate;

J.  With written approval of the SEC and the CFTC, engage or retain such additional persons, including without limitation securities traders, investments advisers, experts or other contractors, that the Receiver determines are necessary or advisable to assist her in carrying out her duties and responsibilities hereunder, provided, however, that any such action shall be described in the next filed Receiver's Report;

K.  Open and close bank accounts or other depository accounts, and open, close, and manage securities accounts or register them in the name of the Receiver on behalf of the Receivership Estate;

L.  Receive, collect, and maintain any and all sums of money due or owing to the Limited Partnership or Forte, whether the same are now due or are hereafter to become due and payable;

M.  During the pendency of the Receivership and prior to the final implementation of any Distribution Plan, receive, maintain, and include in any distribution, any additional sums ordered or paid to compensate victims of the fraud alleged in this matter of which the Receiver has notice and which are directed to the Receiver for distribution in this manner;

N.  Determine the identity of all partners in and investors with the Limited Partnership or Forte, the amounts invested, and previous payments to, or for the benefit of, such parties;

O.  Issue subpoenas for testimony under oath or for documents and other tangibles, engage in

formal discovery under the Federal Rules of Civil Procedure on Court-approved shortened notice;

P.  Institute, prosecute, defend, compromise, or adjust any actions or proceedings based on law or equity now pending or hereinafter instituted in this Court, as may in her discretion be necessary or advisable in order to carry out her duties as set forth herein and to effectuate the Court's orders, including, in the event that it is not practicable to recover Receivership Assets from third parties (such as investors in the Limited Partnership or recipients of gifts or donations from the Defendants) on a consensual basis without litigation, to institute and pursue, on behalf of and for the benefit of the Receivership estate, in this Court or in any court of competent jurisdiction such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities that hold, control, and/or received, directly or indirectly, assets or funds or proceeds from the Limited Partnership or Forte; provided, however, that prior to filing any action against any investor in the Limited Partnership, the Receiver will determine whether the SEC or the CFTC objects to the filing of the action, and if so, shall seek, under seal, leave from the Court to file the action, with the SEC and/or the CFTC having five business days in which to file their objection(s), under seal, to the filing of the action;

Q.  Take any action that the Limited Partnership would be authorized to take, and make reasonable expenditures on behalf of the Limited Partnership, close or maintain the Limited Partnership's bank accounts and securities accounts and register such accounts in the name of the Receiver on behalf of the Receivership Estate; purchase, sell or retain

securities in any such account of the Limited Partnership and register such securities in the name of the Receiver on behalf of the Receivership Estate; and execute checks or otherwise disburse money from those bank or securities accounts of the Limited Partnership to pay obligations of the Receivership in the normal course of business;

R. Remove from any premises or real estate constituting a Receivership Asset any person who attempts to interfere with the Receiver or her attorneys or agents in the performance of their duties;

S. Change any locks, computer access codes, or other security mechanisms with respect to any premises or other equipment or assets that constitute or contain Receivership Assets or Receivership Records;

T. Prepare and submit to the Court, the SEC, the CFTC, and the Defendants a Plan of Distribution providing for interim and/or final distributions with respect to the Receivership Assets and, as ordered, any other assets collected in this matter or any related matter for approval by the Court;

U. Comply with all income tax reporting requirements, including the preparation and filing of tax returns, with respect to Receivership Assets and business and, as ordered, any other assets collected in this matter or any related matter; and be designated the administrator of any Distribution Fund, pursuant to section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, and satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a taxpayer identification number, (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Receivership Assets and/or the Distribution

> Fund, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Receivership Assets and/or the Distribution Fund; and

V. Apply to this Court, with Notice provided as specified in paragraph XI below, for issuance of such other orders as may be necessary or in the judgment of the Receiver advisable in order to carry out the mandate of this Court and the duties of the Receiver.

## XI.

**IT IS FURTHER ORDERED THAT**, unless otherwise provided herein or by Court Order, "Notice" by the Receiver of an event or filing under this Order shall be deemed complete upon (a) provision of notice, or a copy of the filing at issue, including all filings with the Court, to the SEC, the CFTC, the Defendants, and, with the exception of the sealed filings described in the last sentence of X.P., above, any person or entity which, in the Receiver's sole discretion, is directly impacted by the event or filing; and (b) publication of the notice or filing at issue, including all unsealed filings with the Court, on a public website maintained by the Receiver. Notice of this website shall be provided by the Receiver to parties in interest, including the Defendants and known partners and/or investors and known creditors, along with a mechanism for alternative service for persons without internet access. Until and unless the Receiver receives written notification of change by the affected individual or entity, Notice may be effected by facsimile, first class mail, or any receipted mail, to (i) the SEC and CFTC at the addresses that follow, (ii) the Defendants at the address(es) of record with the Court clerk, and (iii) all other persons or entities at their last publicly known address or address filed with the Clerk of Court.

| | |
|---|---|
| Catherine E. Pappas, Esq.<br>**United States Securities and Exchange Commission**<br>701 Market Street, Suite 2000<br>Philadelphia, PA 19106<br>Fax: 215-597-2740 | Luke Marsh, Esq.<br>Timothy M. Kirby, Esq.<br>**United States Commodity Futures Trading Commission**<br>Division of Enforcement<br>Three Lafayette Centre<br>1155 21st Street, N.W.<br>Washington, D.C. 20581<br>Fax: 202-418-5531 |

## XII.

**IT IS FURTHER ORDERED THAT** the Receiver shall:

A.  Keep the SEC and CFTC apprised at reasonable intervals of developments concerning the operation of the Receivership, and provide to the SEC and CFTC, upon request, copies of any documents or tangible things under the control of the Receiver;

B.  Within 120 days of this Order, submit a preliminary report in the form of the first Receiver's Report to the Court, the SEC, the CFTC, and the Defendants, subject to such reasonable extensions as the Court may order, setting forth the following information:

1.  All assets, money, funds, securities, and real or personal property currently held directly or indirectly as Receivership Assets, and any liabilities pertaining thereto, including without limitation, bank accounts, brokerage accounts, investments, business interests, and real and personal property, wherever situated, identifying and describing each asset and liability, its current location and amount;

2.  A list of investors in the Limited Partnership, and to the extent practicable, the amount of principal invested by each investor, and the amounts withdrawn and/or otherwise paid to each investor; and

3.  A plan and estimated schedule for further anticipated activities of the Receiver with

respect to the Receivership Estate.

Thereafter, the Receiver shall file supplemental reports of the same nature on the semiannual anniversary of the first report, or as otherwise requested by the Court, SEC, or CFTC.

## XIII.

**IT IS FURTHER ORDERED THAT**, except for gross negligence, willful misconduct, fraud, or breach of fiduciary duty, the Receiver and all persons engaged or retained by her shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or retained by her in connection with the discharge of their duties and responsibilities in connection with this Receivership; provided however, that nothing herein shall limit the immunity of the Receiver and her advisors allowed by law or deprive the Receiver and her advisors of indemnity for any act or omission for which they otherwise have immunity.

## XIV.

**IT IS FURTHER ORDERED THAT** the reasonable costs and expenses of the Receiver shall be paid solely from Receivership Assets, including without limitation, the reasonable costs, fees, and expenses of all persons who may be engaged or retained by the Receiver to assist her in carrying out her duties and obligations. Quarterly applications for costs, fees, and expenses of the Receiver and those engaged or retained by her shall be made to the Court, setting forth, in a format acceptable to the SEC and the CFTC, reasonable detail about the nature of such costs, fees, and expenses; provided, however, that, at the discretion of the Receiver, actual invoices may be filed under seal. At least thirty days before making such application to the Court, the Receiver shall submit the application to the SEC and CFTC, each of which may advise the Court

whether they have any objection. Upon Order of this Court approving such application, the Receiver may pay up to 80% of the compensation and professional fees and 100% of the expenses of the applicants. At the close of the Receivership, the Receiver shall file with the Court a final application for compensation, fees, and expenses, describing in detail the costs and benefits associated with all litigation and other actions pursued in the course of the Receivership. At that time, any amounts held back during the course of the receivership will be paid at the discretion of the Court.

XV.

**IT IS FURTHER ORDERED THAT** this Order shall remain in effect unless and until modified by further order of this Court, and that this Court shall retain exclusive jurisdiction of the within proceedings for all purposes.

Plaintiffs shall ensure that Defendant Joseph S. Forte receives a copy of this Order.

**AND IT IS SO ORDERED.**

*s/ Paul S. Diamond*

_____
**Paul S. Diamond, J.**